Opinion
TUTTLE, Acting P. J.*
This is an appeal from judgment granting defendant’s motion for summary judgment on March 11, 1996. (1) The court granted summary judgment because “plaintiff is not entitled to proceed with the complaint for failure to comply with the requirements of Civil Code Sections] 3091, 3098 and 3252.”
In defendant’s motion for summary judgment the supporting points and authorities argue only one ground in support of the motion, as follows: “The *6 DLSE’s complaint is nothing more than a legal maneuver to circumvent the express and specific limitations period established by Labor Code Section 1775. Since any lawsuit against Shoemate Buildings would be untimely under the Labor Code, the same lawsuit must also be untimely against its surety, Defendant Continental Casualty Company.”
In defendant’s reply to the opposition points and authorities, defendant reiterates its claim that the action is barred by Labor Code section 1775 and also (for the first time) claims it is barred by Civil Code section 3098.
The court, in its ruling granting summary judgment, rejected defendant’s claim that the petition was barred by Labor Code section 1775, stating that “The Court finds that the surety is liable even though the time for filing against the contractor has passed. The statute of limitations does not extinguish the debt [but is] only a bar to recovery.” This states the law accurately.
We examine the code sections relied upon by the court in granting summary judgment.
(1) Civil Code former section 3091. This section required a 90-day notice, but expressly excluded “(a) A claimant who performs actual labor for wages.”
The action here was brought by the Division of Labor Standards Enforcement (DLSE) under Labor Code section 98.3 authorizing such actions. Labor Code section 96.7 provides the DLSE “may collect such wages or benefits on behalf of the worker without assignment.” Clearly, the Legislature intended to put the DLSE right into the shoes of the worker for the purpose of such wage litigation. Accordingly, we hold that this action comes within the Civil Code former section 3091, subdivision (a) exception for “a claimant who performs actual labor for wages.”
(2) Civil Code section 3098. An unpaid worker cannot obtain a mechanic’s lien on public property. Instead, there is a stop notice procedure of which Civil Code section 3098 is a part. The best explanation is from Witkin:
“(a) Nature and Purpose. Where public property is involved, there is no mechanic’s lien (C.C. 3109), but a stop notice serves the same purpose. [Citations.]
“(b) Procedure. The two steps are:
“(1) Preliminary Notice. The claimant [citations] must give a ‘preliminary 20-day notice (public work), stop notice.’ (C.C. 3098.) This is a written
*7 notice, prior to filing of the stop notice, and not later than 20 days after the claimant first furnished labor, services, equipment, or materials to the job-site. The notice is given to the contractor and to the public agency concerned. (C.C. 3098(a).)
“(2) Stop Notice. The claimant must also file a stop notice with the appropriate public official within 90 days after completion or cessation of the work, or, if a notice of completion or cessation is recorded, within 30 days of recording. (C.C. 3184.) (On condition to action on prime contractor’s bond, see infra, § 165.)” (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 162, pp. 188-189.) Civil Code section 3098 is part of the stop notice procedure; it obviously has no relationship to a direct action against the surety, such as we have here.
(3) Civil Code former section 3252, subdivision (a). This section read: “[I]n order to enforce a claim upon any payment bond given in connection with a public work, a claimant must give the 90-day public works preliminary bond notice as provided in Section 3091." (Italics added.) The emphasized language makes clear that the requirement of Civil Code former section 3252 is subject to the wage earner exception of Civil Code former section 3091, discussed above.
In light of the above, which requires reversal of the judgment, there is no need to discuss appellant’s other contentions that, as a matter of summary judgment law, reversal is required because defendant did not list as an undisputed fact the failure of plaintiff to comply with the alleged notice requirements. We express no opinion on this issue.
The judgment granting summary judgment is reversed and the matter is remanded to the municipal court for further proceedings.
Policy, J.,* and Harlan, J.,† concurred.

Retired judge of the Sacramento Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Judge of the Tuolumne Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Judge of the Amador Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.